UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Criminal Action No. 05-cr-00141-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1.    LEE ARTHUR THOMPSON, a/k/a "LT,"
2.    **ALVIN HUTCHINSON, a/k/a "BIG AL,"**
3.    JORGE BANUELOS,
4.    CECILIA LOZANO,
5.    DENISE GUTIERREZ,
6.    KENNETH PRIEN, a/k/a "KENNY,"
7.    RONALD DEAN DEHERRERA, a/k/a "DINO,"
8.    WILLIAM L. GLADNEY, a/k/a "L,"
9.    STEVEN LAMONT ELLIS,
10.   JUNIOR RAY MONTOYA, a/k/a "JR. RAY,"
11.   JESSICA CRUTHERS,
12.   PAUL ROSE, JR.,
13.   DAVID ZAMORA,
14.   STEVE ZAMORA, and
15.   MILTON A. YON,

      Defendants.

**ORDER DENYING DEFENDANT HUTCHINSON'S
MOTION FOR NEW TRIAL**

THIS MATTER comes before the Court on Defendant Hutchinson's Motion for New Trial **(#1105)**, to which the Government responded **(#1113)**. Having considered the same, the Court finds and concludes that:

## I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 18 U.S.C. § 3231.

## II. Introduction

The Second Superceding Indictment **(#477)** asserted eight charges against Defendant Alvin Hutchinson: racketeering (Count 1), continuing criminal enterprise (Count 2), conspiracy to distribute cocaine base (Count 3), and distribution, or possession with the intent to distribute, cocaine base (Counts 7, 9, 11, 12 and 14). A trial on these charges was held between January 2 and 12, 2007. The jury found Mr. Hutchinson guilty on all charges.

Mr. Hutchinson now moves for a new trial based upon false testimony presented by a Government witness on direct examination. He asks either for a new trial, outright, or for an evidentiary hearing. The Government opposes his motion.

## III. Issue Presented

The issue presented is whether Mr. Hutchinson is entitled to a new trial based upon false testimony provided at trial by Government witness Jorge Banuelos.

## IV. Analysis

Mr. Hutchinson's motion is brought pursuant to Fed. R. Crim. P. 33, which provides in relevant part:

> (a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. . . .

Mr. Hutchinson contends that he is entitled to a new trial in light of false testimony given by Government witness Jorge Banuelos on direct examination with regard to Mr. Banuelos' criminal record. The Government opposes the motion for essentially three reasons: (1) it did not rely upon

Mr. Banuelos' false testimony; (2) the testimony was not material; and (3) the Government was not aware that the testimony was false when it was given.

The parties agree that the Tenth Circuit's decision in *United States v. Crockett*, 435 F.3d 1305 (10th Cir. 2006), provides the applicable standard for determining whether false testimony given at trial requires a new trial. Pursuant to *Crockett*, Mr. Hutchinson must establish that: (1) Mr. Banuelos' testimony was false; (2) the testimony was material; and (3) the Government nevertheless knowingly and intentionally relied on the testimony. *See id.* at 1317. Testimony can be material even if it goes to the witness' credibility rather than to the substantive issues presented in the case. *See Napue v. People of State of Ill.*, 360 U.S. 264, 270 (1959). However, whether false testimony is material is determined through application of the harmless error standard of review – whether it appears beyond a reasonable doubt that the false testimony did not contribute to the verdict obtained. *See United States v. Langston*, 970 F.2d 692, 700 (10th Cir. 1992). In addition, "[w]here evidence refuting a false statement is revealed in cross-examination, the government cannot be said to have relied on the false direct-examination testimony to obtain a guilty verdict." *Crockett,* 435 F.3d at 1317.

Mr. Hutchinson has asked for an evidentiary hearing on his motion. There is no need for such a hearing. The testimony given at trial speaks for itself. On direct examination, the Government and Mr. Banuelos engaged in the following colloquy:

> Q. Do you have any felony convictions for felonies other than the one related to this case?
>
> A. No, sir.

On cross-examination, Mr. Hutchinson's attorney questioned Mr. Banuelos at length about a

felony conviction obtained in 2004 which was unrelated to this case:

> Q. Mr. Banuelos, I heard you testify yesterday that you didn't before this day have any prior felony convictions?
>
> A. Felony convictions?
>
> Q. Felony convictions.
>
> A. I have a lot of minor DWI, drug paraphernalia.
>
> \*\*\*
>
> Q. Do you see a document called petition to enter plea of guilty?
>
> A. Yes, sir.
>
> Q. And that is in -- it's an Adams County case. You can see that at the top; right?
>
> A. Yes, sir.
>
> Q. And that is in Case No. 04-CR-3354; correct?
>
> A. Yes.
>
> Q. That's the case where you pled guilty to a class 6 felony attempted theft in Adams County in 2004; correct?
>
> A. Yes.
>
> Q. You do have a prior felony conviction, don't you?
>
> A. Yes.

Defense counsel then questioned Mr. Banuelos, at length, about his false testimony and the oath he gave to tell the truth. The cross-examination then turned to other false statements Mr. Banuelos had made to police officers.

Mr. Banuelos' testimony on direct examination was unquestionably false. However, the

testimony was not material. The only relevance which Mr. Banuelos' prior felony conviction had was to impugn his credibility as a Government witness. The manner in which the falsity of his testimony was revealed – on skillful cross-examination by defense counsel – gave the prior felony conviction more impeachment value than it would have had if the Government had exposed it on direct examination. Therefore, it does not appear beyond a reasonable doubt that the false testimony of Mr. Banuelos contributed to the verdict against Mr. Hutchinson.

In addition, the Government cannot be said to have relied upon the false testimony. The false testimony did not relate to any element of the charges at issue. Furthermore, the falsity of Mr. Banuelos' testimony was revealed by defense counsel during cross-examination.

Accordingly, Mr. Hutchinson is not entitled to a new trial.

**IT IS THEREFORE ORDERED** that Defendant Hutchinson's Motion for New Trial **(#1105)** is **DENIED**.

Dated this 9th day of February, 2007

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge