**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

In re:

ALVIN HUTCHINSON,

    Movant.

No. 14-1228
(D.C. No. 1:10-CR-00141-MSK-2)
(D. Colo.)

**ORDER**

Before **KELLY**, **TYMKOVICH**, and **MATHESON**, Circuit Judges.

    Alvin Hutchinson moves for authorization to file a second or successive 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.[1] Because he cannot meet the requirements for authorization, we deny his motion.

    After a jury trial, Mr. Hutchinson was convicted of five counts of crack cocaine distribution, drug conspiracy, a Continuing Criminal Enterprise (CCE) violation, and a Racketeer Influenced and Corrupt Organizations Act violation. He was sentenced to life imprisonment. On direct criminal appeal, this court remanded to the district court to vacate either the conspiracy conviction or the CCE conviction, but otherwise affirmed. *See United States v. Hutchinson*, 573 F.3d 1011, 1019, 1022, 1036 (10th Cir. 2009). The district court vacated the CCE conviction, leaving the life sentence in effect.

---

[1] We grant Mr. Hutchinson's request to amend his motion for authorization to add an additional issue.

Thereafter, Mr. Hutchinson filed a pro se § 2255 motion, asserting numerous ineffective assistance of trial and appellate counsel claims and cumulative error. The district court denied relief, and Mr. Hutchinson did not appeal.

In his motion for authorization to file a second or successive § 2255 motion, Mr. Hutchinson contends that authorization is warranted based on two new Supreme Court cases: *Alleyne v. United States*, 133 S. Ct. 2151 (2013), and *Descamps v. United States*, 133 S. Ct. 2276 (2013). We will grant authorization only if a case sets out "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Neither *Alleyne* nor *Descamps* meet § 2255(h)(2)'s requirements.

In *In re Payne*, 733 F.3d 1027, 1029-30 (10th Cir. 2013) (per curiam), this court recognized that "[t]he Court has not held that *Alleyne* applies retroactively to cases on collateral review," and therefore it does not support authorization under § 2255(h)(2). *Descamps* involves statutory interpretation. *See Descamps*, 133 S. Ct. at 2282 (holding that "sentencing courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements"). A Supreme Court case involving statutory interpretation does not announce a new rule of constitutional law and therefore cannot satisfy § 2255(h)(2). *See In re Shines*, 696 F.3d 1330, 1332 (10th Cir. 2012) (per curiam); *see also Abernathy v. Wandes*, 713 F.3d 538, 547 (10th Cir. 2013) ("AEDPA . . . did not provide a remedy for second or successive § 2255 motions

based on intervening judicial interpretations of statutes . . . ."), *cert. denied*, 134 S. Ct. 1874 (2014). Nor has the Supreme Court held that *Descamps* applies retroactively to cases on collateral review. *See Payne*, 733 F.3d at 1029-30 (explaining that, to meet § 2255(h)(2)'s requirement, Supreme Court itself must hold that decision is retroactively applicable to cases on collateral review).

Accordingly, we deny authorization. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk